Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiffs
RONNIE JONES and MELECIO
ARCIOSA

ORIGINAL FILED

08 FEB 14 AM 9: 46

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES and MELECIO ARCIOSA, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>FORESIGHT MANAGEMENT SERVICES, LLC and JEREMY GRIMES,<br><br>             Defendants. | Case No. CV 08 0938<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Cal. Lab. Code § 226.7 (wages for rest and meal period)<br><br>2. Cal. Lab. Code § 203 (continuing wages)<br><br>3. Cal. Lab. Code § 226 (wage statements)<br><br>4. Cal. Lab Code §§ 204, 510 and 1194 California Labor Code (Failure to Pay Minimum Wage or Overtime Compensation)<br><br>5. 29 USCS § 206 and 207 (Fair Labor Standards Act)<br><br>6. Cal. Bus. & Prof. Code § 17200 *et seq.*<br><br>7. Wrongful Termination<br><br>**DEMAND FOR JURY TRIAL** |

1

2    COME NOW Plaintiffs, and for their causes of action against Defendants, allege:

3    ## JURISDICTION AND VENUE

4    1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

5    Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards

6    Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). Defendants are

7    engaged in interstate commerce, with annual sales in excess of $1,000,000 and with

8    more than 300 employees. This Court has federal-question jurisdiction under 28 U.S.C.

9    § 1331. Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental

10   jurisdiction over Plaintiff's state-law claims. There are no grounds that would justify

11   this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28

12   U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise

13   supplemental jurisdiction).

14   ## PARTIES AND JURISDICTION

15   2.    Plaintiffs RONNIE JONES ("JONES") and MELECIO ARCIOSA

16   ("ARCIOSA") (collectively, "Plaintiffs") are individuals who, during the time periods

17   relevant to this Complaint, were employed within the County of Marin, State of

18   California. Plaintiffs are residents of the Counties of Marin (JONES) and Contra Costa

19   (ARCIOSA), State of California.

20   3.    Defendant FORESIGHT MANAGEMENT SERVICES, LLC ("FMS") was

21   and is a California Limited Liability Company doing business within the State of

22   California. FMS maintains at least nine facilities throughout Northern California. FMS

23   does business in San Rafael, San Ramon, Calistoga, Castro Valley, Danville, LaFayette,

24   Oakland, San Bruno and San Mateo, California and at all relevant times employed

25   Plaintiffs and numerous other hourly paid employees in their Northern California

26   facilities. FMS has significant contacts with this judicial district and the activities

27   complained of herein occurred in whole or in part, in this judicial district. Defendant

28   JEREMY GRIMES ("GRIMES"), since 2004, has been and is President of FMS,

1    responsible for its policies and practices as herein alleged.  GRIMES is a resident of

2    Dublin, California.

3                              **GENERAL ALLEGATIONS**

4         4.    JONES worked for FMS from approximately August of 2006 through

5    July 25, 2007, as a non-exempt clerk at the FMS facility in San Rafael, California.

6    ARCIOSA worked for FMS from approximately April of 2003 through November of

7    2007 as a non-exempt Certified Nursing Assistant at the FMS facility in San Rafael,

8    California.  Under Wage Order 17-2001 ¶3B, Nurses are not considered exempt

9    professional employees.

10        5.    In or around July 25, 2007, JONES employ with FMS was terminated by

11   Defendants.  JONES was terminated since JONES had failed to accede to demands of

12   FMS that he falsify Medi-Cal Treatment Authorization Requests ("TARS") to be

13   submitted to the State of California.  ARCIOSA's employment ended in November of

14   2007.

15        6.    Furthermore, at all relevant times mentioned herein, section 201 of the

16   California Labor Code provided "[i]f an employer discharges an employee, the wages

17   earned and unpaid at the time of discharge are due and payable immediately."  At all

18   relevant times mentioned herein, section 201 of the California Labor Code provided that

19   "wages earned and unpaid at the time of discharge are due and payable immediately."

20   Section 202 of the California Labor code provided that for individuals who quit with at

21   least three days notice, payment of final wages would be immediate and that for

22   individuals who quit without notice, payment of final wages would be within 72 hours.

23        7.    FMS did not compensate Plaintiffs as required by sections 201 and/or 202

24   of the California Labor Code.

25        8.    To date, Plaintiffs have not been compensated for all of the work they

26   performed for FMS.

27        9.    At all relevant times mentioned herein, section 203 of the California Labor

28   Code provided:

1      If an employer willfully fails to pay, without abatement or reduction, in

2      accordance with Sections 201, 201.5, 202 and 202.5, any wages of an

3      employee who is discharged or who quits, the wages of the employee shall

4      continue as a penalty from the due date thereof at the same rate until paid or

5      until action therefor is commenced; but the wages shall not continue for

6      more than 30 days.

7      10.    Plaintiffs contend that the failure of FMS to pay them within the time

8   provided by sections 201 and 202 of the California Labor Code has been and is "willful"

9   within the meaning of section 203 of the California Labor Code and that, accordingly,

10  Plaintiffs are entitled to the "continuing wages" provided for by section 203.

11     11.    At all relevant times mentioned herein, section 1198 of the California Labor

12  Code provided:

13      The maximum hours of work and the standard conditions of labor fixed by

14      the [Industrial Welfare Commission] shall be the maximum hours of work

15      and the standard conditions of labor for employees.  The employment of any

16      employee for longer hours than those fixed by [an] order or under

17      conditions of labor prohibited by [an] order is unlawful.

18     12.    At all relevant times mentioned herein, the Minimum Wage Order and

19  Wage Order number 4 (as periodically amended) applied to Plaintiffs.

20     13.    The Wage Order number 4 requires a one-hour wage premium for each day

21  that an employee is not provided with a mandated ten-minute rest period per four-hour

22  work period.  Additionally, Wage Order number 4 requires a one-hour wage premium for

23  each day that an employee is not provided with a mandated thirty-minute meal period for

24  any shift that is longer than five hours.  Finally, Wage Order number 4 requires that

25  those who are employed more than eight (8) hours in any workday or more than 40 hours

26  in any workweek receive overtime compensation.

27     14.    The right to rest periods and meal periods has been codified in sections

28  226.7 and 512 of the California Labor Code.  At all relevant times mentioned herein,

1    section 512(a) provided:

2         An employer may not employ an employee for a work period of more than

3         five hours per day without providing the employee with a meal period of not

4         less than 30 minutes, except that if the total work period per day of the

5         employee is no more than six hours, the meal period may be waived by

6         mutual consent of both the employer and employee.  An employer may not

7         employ an employee for a work period of more than 10 hours per day

8         without providing the employee with a second meal period of not less than

9         30 minutes, except that if the total hours worked is no more than 12 hours,

10        the second meal period may be waived by mutual consent of the employer

11        and the employee only if the first meal period was not waived.

12   At all relevant times mentioned herein, section 226.7(b) provided:

13        If an employer fails to provide an employee a meal period or rest period in

14        accordance with an applicable order of the Industrial Welfare Commission,

15        the employer shall pay the employee one additional hour of pay at the

16        employee's regular rate of compensation for each work day that the meal or

17        rest period is not provided.

18        15.    Compensation for missed rest and meal periods constitutes wages within the

19   meaning of section 201 of the California Labor Code.

20        16.    At all relevant times mentioned herein, section 558 of the California Labor

21   Code provided:

22        (a) Any employer or other person acting on behalf of an employer who

23        violates, or causes to be violated, a section of this chapter or any provision

24        regulating hours and days of work in any order of the Industrial Welfare

25        Commission shall be subject to a civil penalty as follows:  (1) For any initial

26        violation, fifty dollars ($50) for each underpaid employee for each pay

27        period for which the employee was underpaid in addition to an amount

28        sufficient to recover underpaid wages.  (2) For each subsequent violation,

1    one hundred dollars ($100) for each underpaid employee for each pay

2    period for which the employee was underpaid in addition to an amount

3    sufficient to recover underpaid wages. (3) Wages recovered pursuant to this

4    section shall be paid to the affected employee.

5        17.    Plaintiffs contend that FMS's failure to comply with section 512 of the

6    California Labor Code and with Wage Order number 4 subjects FMS to civil penalties

7    pursuant to section 558.

8        18.    Plaintiffs also contend that FMS's failure to comply with section 226 of the

9    California Labor Code subjects FMS to civil penalties pursuant to section 226.3 of the

10   California Labor Code. At all relevant times mentioned herein, section 226 of the

11   California Labor Code provided:

12       (a) Every employer shall, semimonthly or at the time of each payment of

13       wages, furnish each of his or her employees, either as a detachable part of

14       the check, draft, or voucher paying the employee's wages, or separately

15       when wages are paid by personal check or cash, an itemized statement in

16       writing showing (1) gross wages earned, (2) total hours worked by the

17       employee, except for any employee whose compensation is solely based on

18       a salary and who is exempt from payment of overtime under subdivision (a)

19       of Section 515 or any applicable order of the Industrial Welfare

20       Commission, (3) the number of piece-rate units earned and any applicable

21       piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

22       provided, that all deductions made on written orders of the employee may

23       be aggregated and shown as one item, (5) net wages earned, (6) the

24       inclusive dates of the period for which the employee is paid, (7) the name of

25       the employee and his or her social security number, (8) the name and

26       address of the legal entity that is the employer, and (9) all applicable hourly

27       rates in effect during the pay period and the corresponding number of hours

28       worked at each hourly rate by the employee. The deductions made from

1    payments of wages shall be recorded in ink or other indelible form, properly

2    dated, showing the month, day, and year, and a copy of the statement or a

3    record of the deductions shall be kept on file by the employer for at least

4    three years at the place of employment or at a central location within the

5    State of California.

6    . . . .

7    (e) An employee suffering injury as a result of a knowing and intentional

8    failure by an employer to comply with subdivision (a) is entitled to recover

9    the greater of all actual damages or fifty dollars ($50) for the initial pay

10    period in which a violation occurs and one hundred dollars ($100) per

11    employee for each violation in a subsequent pay period, not exceeding an

12    aggregate penalty of four thousand dollars ($4,000), and is entitled to an

13    award of costs and reasonable attorney's fees.

14    . . . .

15    (g) An employee may also bring an action for injunctive relief to ensure

16    compliance with this section, and is entitled to an award of costs and

17    reasonable attorney's fees.

18    FMS employed Plaintiffs but failed to provide them with the data required by section

19    226 of the California Labor Code. For example, FMS failed to provide information

20    concerning the name and address of the Employer, wages earned on account of meal and

21    rest penalties and failed to provide the total hours worked. FMS further failed to provide

22    information regarding the time and wages for pre and post-shift work preformed by

23    Plaintiffs but not paid for by FMS. Additionally, FMS failed to provide the name and

24    address of the legal entity that is the employer. Additionally, FMS failed to provide a

25    truncated social security number. Additionally, FMS failed to provide the inclusive

26    dates of the period for which the employee was paid. Additionally, FMS failed to

27    provide the total actual hours worked by the employee. Exhibit 1 hereto reflects certain

28    of Plaintiffs' wage statements. At all relevant times mentioned herein, section 226.3 of

1  the California Labor Code provided:

2      Any employer who violates subdivision (a) of Section 226 shall be subject

3      to a civil penalty in the amount of two hundred fifty dollars ($250) per

4      employee per violation in an initial citation and one thousand dollars

5      ($1,000) per employee for each violation in a subsequent citation, for which

6      the employer fails to provide the employee a wage deduction statement or

7      fails to keep the records required in subdivision (a) of Section 226.  The

8      civil penalties provided for in this section are in addition to any other

9      penalty provided by law.

10      19. At all relevant times mentioned herein, section 204(a) of the California Labor

11  Code provided:

12      All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

13      earned by any person in any employment are due and payable twice during

14      each calendar month, on days designated in advance by the employer as the

15      regular paydays. Labor performed between the 1st and 15th days, inclusive,

16      of any calendar month shall be paid for between the 16th and the 26th day

17      of the month during which the labor was performed, and labor performed

18      between the 16th and the last day, inclusive, of any calendar month, shall be

19      paid for between the 1st and 10th day of the following month.

20      20. At all relevant times mentioned herein, section 510 (a) of the California Labor

21  Code provided:

22      Eight hours of labor constitutes a day's work. Any work in excess of

23      eight hours in one workday and any work in excess of 40 hours in any

24      one workweek and the first eight hours worked on the seventh day of

25      work in any one workweek shall be compensated at the rate of at least one

26      and one-half times the regular rate of pay for an employee. Any work in

27      excess of 12 hours in one day shall be compensated at the rate of no less

28      than twice the regular rate of pay for an employee. In addition, any work

in excess of eight hours on any seventh day of a workweek shall be
compensated at the rate of no less than twice the regular rate of pay of an
employee. Nothing in this section requires an employer to combine more
than one rate of overtime compensation in order to calculate the amount
to be paid to an employee for any hour of overtime work. The
requirements of this section do not apply to the payment of overtime
compensation to an employee working pursuant to any of the following

    (1) An alternative workweek schedule adopted pursuant to Section 511.

    (2) An alternative workweek schedule adopted pursuant to a collective
    bargaining agreement pursuant to Section 514.

21. In regard to the employment of Plaintiff, the provisions of subparagraphs (1)
and (2) of section 510 of the California Labor Code were inapplicable in that no
alternative workweek schedule had been adopted pursuant to section 511 and Plaintiff's
employment to which reference is hereinafter made was not governed by any collective
bargaining agreement.

22. At all relevant times mentioned herein, section 1194 of the California Labor
Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee
receiving less than the legal minimum wage or the legal overtime
compensation applicable to the employee is entitled to recover in a civil
action the unpaid balance of the full amount of this . . . overtime
compensation, including interest thereon, reasonable attorney's fees, and
costs of suit.

At all relevant times mentioned herein, section 1194.2 of the California Labor Code
provided:

(a) In any action under . . . Section 1194 to recover wages because of the
payment of a wage less than the minimum wage fixed by an order of the
commission, an employee shall be entitled to recover liquidated damages in

1  an amount equal to the wages unlawfully unpaid and interest thereon.

2      23. Notwithstanding the foregoing requirements of law, Plaintiff was routinely

3  denied payment of minimum wage or overtime wages, being compensated only for hours

4  scheduled rather than for actual hours worked. For example, Plaintiffs were not

5  compensated for work performed before and/or after the scheduled work shift.

6      24.   Section 2699 of the California Labor Code, the Labor Code Private

7  Attorneys General Act of 2004, provides in subpart (a) and subparts (f) through (g):

8      Notwithstanding any other provision of law, any provision of this code that

9      provides for a civil penalty to be assessed and collected by the Labor and

10      Workforce Development Agency or any of its departments, divisions,

11      boards, agencies or employees, for a violation of this code, may, as an

12      alternative, be recovered through a civil action brought by an aggrieved

13      employee on behalf of herself or herself and other current or former

14      employees pursuant to the procedures specified in Section 2699.3.

15      . . . .

16      For all provisions of this code except those for which a civil penalty is

17      specifically provided, there is established a civil penalty for a violation of

18      these provisions . . . on behalf of herself or herself and other current or

19      former employees . . . .

20      25.   Pursuant to section 2699 of the California Labor Code, Plaintiffs contends

21  that sections 201, 203, 204, 226, 226.3, 226.7, 512, 558, 1194 and 1198 of the California

22  Labor Code may entitle them to recover civil penalties against FMS through a civil

23  action on behalf of themselves and other current and former employees. Further, the

24  provisions of the applicable Wage Order as described in Paragraphs 14 and 18 also may

25  entitle them to recover civil penalties against FMS through a civil action on behalf of

26  themselves and other current and former employees.

27                 **CLASS-ACTION ALLEGATIONS**

28      26.   The class represented by Plaintiffs (hereafter referred to as the "Class")

1    consists of all natural persons who were issued one or more paychecks by FMS in

2    California during the period beginning four years prior to the filing of this Complaint to

3    date (such persons referred to hereafter as "Class Members" and such period referred to

4    hereafter as "Class Period").

5         27.    Plaintiffs contend that the failure of FMS to provide the data required by

6    section 226 of the California Labor Code entitles each Class Member to either actual

7    damages or statutory damages, whichever is greater.

8         28.    Plaintiffs contend that the failure of FMS to pay wages as provided by

9    section 226.7 of the California Labor Code entitles each Class Member to payment of

10   such earned but unpaid wages owing on account of missed rest periods and meal breaks.

11        29.    Plaintiffs contend that the failure of FMS to pay overtime wages as provided

12   by sections 204, 514 and 1194 of the California Labor Code entitles each Class Member

13   to payment of such earned but unpaid overtime wages, FMS having, inter alia, failed to

14   consider unpaid wages owed on account of missed rest periods and meal breaks in

15   computing the overtime rate applicable to Plaintiffs and Class Members.

16        30.    Plaintiffs contend that the failure of FMS to make final wage payments

17   within the time provided by sections 201 and/or 202 of the California Labor Code has

18   been and is "willful" within the meaning of section 203 of the California Labor Code and

19   that, accordingly, each Class Member who has had his employment with Defendant FMS

20   terminated is entitled to the "continuing wages" for which provision is made by section

21   203 of the California Labor Code.

22        31.    The number of Class Members is great, believed to be in excess of five-

23   hundred persons. It therefore is impractical to join each Class Member as a named

24   plaintiff. Accordingly, utilization of a class action is the most economically feasible

25   means of determining the merits of this litigation.

26        32.    Despite the Class Members' numerosity, the Class Members are readily

27   ascertainable through an examination of the records that Defendant FMS is required by

28   law to keep. Likewise, the dollar amount owed to each Class Member is readily

1    ascertainable by an examination of those same records.

2        33.    Common questions of fact and of law predominate in the claims of Class

3    Members over individual issues regarding the money owed to each Class Member.

4    Some of the common issues herein are described in Paragraph 38, infra.

5        34.    There is a well-defined community of interest in the questions of law and

6    fact common to the Class Members. Some of the common issues herein are described in

7    Paragraph 38, infra.

8        35.    Plaintiffs' claims are typical of the claims of the Class Members, which

9    claims all arise from the same general operative facts, namely, Defendant FMS did not

10    compensate its employees as required by the California Labor Code and the Fair Labor

11    Standards Act. Plaintiffs have no conflict of interest with the other Class Members and

12    they and their counsel are able to represent the interests of the other Class Members

13    fairly and adequately.

14        36.    A class action is a superior method for the fair and efficient adjudication of

15    this controversy. The persons within the Class are so numerous that joinder of all of

16    them is impracticable. The disposition of all claims of the members of the class in a

17    class action, rather than in individual actions, benefits the parties and the court. The

18    interest of the Class Members in controlling the prosecution of separate claims against

19    Defendant is small when compared with the efficiency of a class action. The claims of

20    each individual Class Member are too small to litigate individually, and the

21    commencement of separate actions in this Court would lead to an undue burden on

22    scarce judicial resources. Further, the alternative of individual proceedings before the

23    California Labor Commissioner is impractical inasmuch as that agency has insufficient

24    resources to process such claims promptly and, under the provisions of California Labor

25    Code section 98.2, if the individual class members were to succeed in obtaining awards

26    in their favor, such awards are subject to appeal as a matter of right for a *de novo* trial in

27    Superior Court, leading to a multiplicity of such trials in that court. Further, absent class

28    treatment, employees will most likely be unable to secure redress given the time and

1   expense necessary to pursue individual claims, and individual Class Members will likely

2   be unable to retain counsel willing to prosecute their claims on an individual basis, given

3   the small amount of recovery.  As a practical matter, denial of class treatment will lead to

4   denial of recovery to the individual Class Members.

5        37.  There is a well-defined community of interest in the questions of law and fact

6   common to the Class.  The key questions are the same for each Class Member:  (a) Was

7   such Class Member an employee of Defendant FMS?  (b) Was such Class Member

8   entitled to continuing wages from Defendant FMS?  (c) Was such Class Member paid his

9   or her wages as provided by sections 201 and/or 202 of the California Labor Code?  (d)

10  Did Defendant fail to timely pay Class members their minimum and overtime wages? (e)

11  Did Defendant fail to pay Class Members for work performed before and/or after a work

12  shift? (f) Did Defendant fail to provide Class Members with a thirty minute,

13  uninterrupted meal break? (g) Did Defendant fail to provide Class Members with a

14  mandated ten-minute rest period per four-hour work period? (h) Did Defendant commit

15  unlawful business acts or practices within the meaning of California Business and

16  Professions Code sections 17200 *et seq*.?

17       38.  The interest of each Class Member in controlling the prosecution of his or her

18  individual claim against Defendant FMS is small when compared with the efficiency of a

19  class action.

20           **FLSA COLLECTIVE ACTION ALLEGATIONS**

21       39. In this collective action, Plaintiffs seek to represent all individuals who were

22  employed by Defendants (the "COLLECTIVE ACTION MEMBERS").

23       40.  Plaintiffs are similarly situated with the COLLECTIVE ACTION MEMBERS

24  in that: (a) Plaintiffs and the COLLECTIVE ACTION MEMBERS were employed by

25  Defendants; (b) Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid

26  their wages for actual hours worked, instead being paid for scheduled hours; (c)

27  Plaintiffs and the COLLECTIVE ACTION MEMBERS were not paid for work

28  performed before and/or after a work shift; (d) Defendants knowingly and willfully

1    violated provisions of the FLSA, by not paying Plaintiffs and the COLLECTIVE

2    ACTION MEMBERS their wages; (e) As a result of Defendants' practice of withholding

3    compensation for all hours worked, Plaintiffs and the COLLECTIVE ACTION

4    MEMBERS have been similarly damaged in that they have not received timely payment

5    in full of their earned wages.

6        41. This action is maintainable as an "opt-in" collective action pursuant to 29

7    U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the

8    FLSA.

9        42. All individuals employed by Defendant should be given notice and be allowed

10   to give their consent in writing, i.e., "opt in," to the collective action pursuant to 29

11   U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF
(Cal. Lab. Code § 226.7 et seq.)

13       43.    Plaintiffs replead, reallege, and incorporate by reference each and every

14   allegation set forth in the Complaint.

16       44.    During the Class Period, Class Members generally were not provided time

17   to take all required ten-minute rest period during their work shifts.

18       45.    During the Class Period, Class Members generally were not provided time

19   to take all required non-working thirty-minute meal breaks during their work shifts.

20       46.    Accordingly, each Class Member is entitled to compensation for one hour of

21   pay for each work shift longer than four hours during which he or she was not provided a

22   ten-minute rest period.  Likewise, each Class Member is entitled to compensation for one

23   hour of pay for each work shift longer than five hours during which he or she was not

24   provided a thirty-minute non-working meal break.

## SECOND CLAIM FOR RELIEF
(Cal. Lab. Code § 203)

26       47.    Plaintiffs replead, reallege, and incorporate by reference each and every

27   allegation set forth in the Complaint.

28       48.    The failure of FMS to compensate Class Members within the time provided

1    by sections 201 and/or 202 of the California Labor Code, despite its knowledge of its

2    obligation to do so, was "willful" within the meaning of section 203 of the California

3    Labor Code.  Each Class Member who has had his or her employment with Defendant

4    FMS terminated therefore is entitled to continuing wages from the date on which his or

5    her wages were due until the date on which Defendant FMS makes payment of the

6    wages, not to exceed thirty days.

7         49.    Plaintiffs and Class Members are entitled to an injunction to prevent such

8    misconduct in the future, costs and such other relief as may be appropriate, demand for

9    which is hereby made in accord with the provisions of the California Labor Code.

10

11                          **THIRD CLAIM FOR RELIEF**
                                 (Cal. Lab. Code § 226)

12        50.    Plaintiffs replead, reallege, and incorporate by reference each and every

13   allegation set forth in the Complaint.

14        51.    Defendant FMS employed Class Members but failed to provide them with

15   the data required by section 226 of the California Labor Code.  For example, Defendant

16   FMS failed to provide information concerning wages earned on account of meal and rest

17   penalties and failed to provide the total hours worked.  Defendant FMS further failed to

18   provide information regarding the time and wages earned for pre and post-shift work

19   preformed by Plaintiffs but not paid for by Defendant.  Additionally, Defendant FMS

20   failed to provide the name and address of the legal entity that is the employer.

21   Additionally, Defendant FMS failed to provide a truncated social security number.

22   Additionally, Defendant FMS failed to provide the inclusive dates of the period for

23   which the employee was paid.  Additionally, Defendant FMS failed to provide the total

24   actual hours worked by the employee.  Accordingly, each Class Member is entitled to

25   damages, and Plaintiffs are entitled to an injunction to prevent such misconduct in the

26   future, costs and attorney's fees, demand for which is hereby made in accord with the

27   provisions of the California Labor Code.

28   ///

1

2

### FOURTH CLAIM FOR RELIEF
(Cal. Lab Code §§ 204, 510, 1194, 1194.2 and 1197 California Labor Code -- Failure to Pay Minimum Wage and Overtime Compensation)

3   52.    Plaintiffs replead, reallege, and incorporate by reference each and every

4   allegation set forth in the Complaint.

5   53.    Defendant FMS employed Class Members but failed to provide them with

6   the overtime compensation required by sections 204, 510, 1194, 1194.2 and 1197 of the

7   California Labor Code. Defendant FMS routinely cut overtime hours worked by

8   employees and only paid employees for their scheduled time, rather than for their actual

9   hours worked. Accordingly, each Class Member is entitled to damages and liquidated

10  damages, and Plaintiffs are entitled to costs and attorney's fees, demand for which is

11  hereby made in accord with the provisions of the California Labor Code.

12

13

### FIFTH CLAIM FOR RELIEF
(29 USCS § 206 and 207 – Fair Labor Standards Act -- Failure to Pay Minimum Wage and Overtime Compensation)

14  54.    Plaintiffs replead, reallege, and incorporate by reference each and every

15  allegation set forth in the Complaint.

16  55.    Defendants, by failing to pay Class Members the wages due and owing to

17  them for work in excess of hours scheduled, have violated the Fair Labor Standards Act

18  by failing to provide at least minimum and overtime wages as required by 29 USCS §

19  206 and 207.

20  56.    Each Class Member therefore is entitled to be paid according to proof at

21  least the minimum and overtime wages for the hours they worked and damages under 29

22  USCS § 216. Additionally, Plaintiffs are entitled to attorney's fees and costs.

23

24

### SIXTH CLAIM FOR RELIEF
(Cal. Bus. & Prof. Code § 17200 *et seq.*)

25  57.    Plaintiffs replead, reallege, and incorporate by reference each and every

26  allegation set forth in the Complaint.

27  58.    Defendant FMS is a "person" within the meaning of section 17201 of the

California Business and Professions Code.

28

1    59.    As set forth in this Complaint, Plaintiffs are informed, believe, and thereon

2    allege that, for the last four years, Defendant FMS intentionally and improperly has

3    failed to comply with the California Labor Code and the federal Fair Labor Standards

4    Act.

5    60.    The failure of Defendant FMS to comply with the California Labor Code

6    has resulted in Defendant FMS under-reporting to state authorities wages earned by

7    Class Members and, therefore, in Defendants under-paying state taxes, unemployment

8    premiums, and workers' compensation premiums, all this in an amount based on

9    estimated unpaid wages according to proof.

10    61.    Additionally, Plaintiffs are informed, believe, and thereon allege that

11    Defendant FMS was able to compete unfairly by not complying with the California

12    Labor Code. By competing unfairly, Defendant FMS has gained a competitive

13    advantage over other comparable businesses in the State of California.

14    62.    Accordingly, the failure of FMS to comply with the California Labor Code

15    is an unfair and/or unlawful business activity prohibited by section 17200 *et seq.* of the

16    California Business and Professions Code, and it justifies the issuance of an injunction,

17    restitution, and other equitable relief pursuant to section 17203 of the California

18    Business and Professions Code. All remedies are cumulative pursuant to section 17205

19    of the California Business and Professions Code.

20    63.    Further, Plaintiffs request attorney's fees and costs pursuant to section

21    1021.5 of the California Code of Civil Procedure upon proof that they have acted in the

22    public interest as set forth in the Private Attorneys General Act.

## SEVENTH CLAIM FOR RELIEF
### (Wrongful Termination)

(By Plaintiff Jones Against Defendant FMS)

25    64.    Plaintiff JONES repleads, realleges, and incorporates by reference each and

26    every allegation set forth in the Complaint.

27    65.    Plaintiff JONES worked as a clerk, not as a trained executive or manager, at

1   Defendant's facility in San Rafael.

2       66.    In or around July 25, 2007, JONES employ with FMS was terminated by

3   Defendant FMS.  JONES was terminated on account of JONES' failure to accede to

4   demands of FMS that he falsify Medi-Cal Treatment Authorization Requests ("TARS")

5   to be submitted to the State of California.

6       67.    Public policy of the State of California requires individuals to refrain from

7   defrauding, or conspiring to defraud, Medi-Cal.

8       68.    Plaintiff JONES is informed, believes, and thereon alleges that Defendant

9   FMS, in demanding that Plaintiff JONES accede to demands to falsify Medi-Cal

10  Treatment Authorization Requests to be submitted to the State of California, violated

11  public policy of the State of California.

12      69.    Because Defendant FMS unreasonably demanded that Plaintiff JONES

13  violate public policy as aforesaid, and because Plaintiff JONES refused to do so,

14  Defendant has contravened the public policy of the State of California.

15      70.    Accordingly, Plaintiff is entitled to damages, attorney's fees, and costs

16  according to proof.

17                        **PRAYER FOR RELIEF**

18  **WHEREFORE**, Plaintiffs pray for judgment as follows:

19      1.    That this Court certify the class action and the collective action described in

20  this Complaint.

21      2.    That, with respect to the First Claim for Relief, Plaintiff and Class Members

22  be awarded judgment according to proof, interest, attorneys' fees and costs.

23      3.    That, with respect to the Second Claim for Relief, it be adjudged that the

24  failure of Defendant to make payment of wages within the time prescribed by sections

25  201 and/or 202 of the California Labor Code was "willful" within the meaning of section

26  203 of the California Labor Code and that this Court award Class Members continuing

27  wages, costs of suit, and interest, each according to proof.

28      4.    That, with respect to the Third Claim for Relief, this Court enter judgment

1  in favor of Class Members for damages, injunctive relief, reasonable attorney's fees, and

2  costs of suit, each according to proof.

3      5.    That, with respect to the Fourth Claim for Relief, each Class Member be

4  awarded his or her wages, liquidated damages, attorney's fees, and costs according to

5  proof.

6      6.    That, with respect to the Fifth Claim for Relief, this Court enter judgment in

7  favor of Plaintiff in the amount of damages according to proof, reasonable attorney's

8  fees, statutory damages, and costs of suit.

9      7.    That, with respect to the Sixth Claim for Relief, this Court enter judgment

10  for restitution in an amount according to proof, for interest on any restitution, and for

11  reasonable attorney's fees and costs.

12      8.    That, with respect to the Seventh Claim for Relief, this Court enter

13  judgment for damages, reasonable attorney's fees, and costs of suit, each according to

14  proof.

15      9.    For such further relief as the Court may order.

16

17  DATED: February 12, 2008                    HARRIS & RUBLE

18

19

20                                             Alan Harris
                                               *Attorney for Plaintiffs*

21                        **DEMAND FOR JURY TRIAL**

22      Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

23  Rules of Civil Procedure.

24                                             HARRIS & RUBLE

25

26

27                                             Alan Harris
28                                             *Attorney for Plaintiffs*

# EXHIBIT 1

| EMPLOYEE | | | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | | | 17.000 HS | 4/15/2007 | 182432 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | 65.00 | 1,105.00 | 8,131.50 | Federal W/H | 18.78 | 154.82 |
| Sick | 0.00 | 0.00 | 272.00 | FICA | 53.62 | 431.80 |
| Holiday | 0.00 | 0.00 | 404.00 | Medicare | 12.54 | 100.99 |
| | | | | CA State W/H | 8.36 | 67.80 |
| | | | | CA State DI | 5.19 | 41.79 |
| | | | | Health Ins. | 219.18 | 1,675.19 |
| | | | | Garnish $ | 258.00 | 2,064.00 |
| | | | | Banquet/Party | 0.00 | 35.00 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Aflac Disabil | 13.20 | 105.60 |
| | | | | Aflac Medical | 14.35 | 114.80 |
| | | | | Vision | 6.57 | 52.56 |
| GROSS EARNINGS: | | 1,105.00 | 8,807.50 | TOTAL DEDUCT: | | |
| NET EARNINGS: | | 495.21 | 3,960.15 | | 609.79 | 4,847.35 |

MSFMS00069-1                    TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 4154955000                    H2CYY10010000    M03SF003720

182432

| EMPLOYEE | | | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | | | 17.000 HS | 4/15/2007 | 182432 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| | | | | Federal W/H | 18.78 | 154.82 |
| Regular | 65.00 | 1,105.00 | 8,131.50 | FICA | 53.62 | 431.80 |
| Sick | 0.00 | 0.00 | 272.00 | Medicare | 12.54 | 100.99 |
| Holiday | 0.00 | 0.00 | 404.00 | CA State W/H | 8.36 | 67.80 |
| | | | | CA State DI | 5.19 | 41.79 |
| | | | | Health Ins. | 219.18 | 1,675.19 |
| | | | | Garnish $ | 258.00 | 2,064.00 |
| | | | | Banquet/Party | 0.00 | 35.00 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Aflac Disabil | 13.20 | 105.60 |
| | | | | Aflac Medical | 14.35 | 114.80 |
| | | | | Vision | 6.57 | 52.56 |
| GROSS EARNINGS: | | 1,105.00 | 8,807.50 | TOTAL DEDUCT: | | |
| NET EARNINGS: | | 495.21 | 3,960.15 | | 609.79 | 4,847.35 |

179384

| EMPLOYEE | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | 17.000 HS | 1/31/2007 | 179384 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | 65.00 | 1,105.00 | 3,014.50 | Federal W/H | 18.78 | 60.92 |
| Holiday | 0.00 | 0.00 | 268.00 | FICA | 53.62 | 163.70 |
| | | | | Medicare | 12.54 | 38.29 |
| | | | | CA State W/H | 8.36 | 26.00 |
| | | | | CA State DI | 5.19 | 15.84 |
| | | | | Health Ins. | 219.18 | 579.29 |
| | | | | Garnish $ | 258.00 | 774.00 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Aflac Disabil | 13.20 | 39.60 |
| | | | | Aflac Medical | 14.35 | 43.05 |
| | | | | Vision | 6.57 | 19.71 |
| GROSS EARNINGS: | | 1,105.00 | 3,282.50 | TOTAL DEDUCT: | | |
| NET EARNINGS: | | 495.21 | 1,519.10 | | 609.79 | 1,763.40 |

X0       MSFMS00069-1                    TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 4154955000                    H2CX590010000    M03SF003720

179384

| EMPLOYEE | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | 17.000 HS | 1/31/2007 | 179384 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| | | | | Federal W/H | 18.78 | 60.92 |
| Regular | 65.00 | 1,105.00 | 3,014.50 | FICA | 53.62 | 163.70 |
| Holiday | 0.00 | 0.00 | 268.00 | Medicare | 12.54 | 38.29 |
| | | | | CA State W/H | 8.36 | 26.00 |
| | | | | CA State DI | 5.19 | 15.84 |
| | | | | Health Ins. | 219.18 | 579.29 |
| | | | | Garnish $ | 258.00 | 774.00 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Aflac Disabil | 13.20 | 39.60 |
| | | | | Aflac Medical | 14.35 | 43.05 |
| | | | | Vision | 6.57 | 19.71 |
| GROSS EARNINGS: | | 1,105.00 | 3,282.50 | TOTAL DEDUCT: | | |
| NET EARNINGS: | | 495.21 | 1,519.10 | | 609.79 | 1,763.40 |

178215

| EMPLOYEE | | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | | 16.500 HS | 12/31/2006 | 178215 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | 57.00 | 940.50 | 940.50 | Federal W/H | 19.02 | 19.02 |
| Holiday | 8.00 | 132.00 | 132.00 | FICA | 53.77 | 53.77 |
| | | | | Medicare | 12.58 | 12.58 |
| | | | | CA  State W/H | 8.41 | 8.41 |
| | | | | CA  State DI | 5.20 | 5.20 |
| | | | | Health Ins. | 184.32 | 184.32 |
| | | | | Garnish $ | 258.00 | 258.00 |
| | | | | Plan Fee | 3.00 | 3.00 |
| | | | | Aflac Disabil | 13.20 | 13.20 |
| | | | | Aflac Medical | 14.35 | 14.35 |
| | | | | Vision | 6.57 | 6.57 |
| GROSS EARNINGS: | | 1,072.50 | 1,072.50 | TOTAL DEDUCT: | | |
| NET EARNINGS: | | 494.08 | 494.08 | | 578.42 | 578.42 |

MSFMS00069-1          TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 4154955000          H2CX590010000  M03SF003720

178215

| EMPLOYEE | | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | | 16.500 HS | 12/31/2006 | 178215 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| | | | | Federal W/H | 19.02 | 19.02 |
| Regular | 57.00 | 940.50 | 940.50 | FICA | 53.77 | 53.77 |
| Holiday | 8.00 | 132.00 | 132.00 | Medicare | 12.58 | 12.58 |
| | | | | CA  State W/H | 8.41 | 8.41 |
| | | | | CA  State DI | 5.20 | 5.20 |
| | | | | Health Ins. | 184.32 | 184.32 |
| | | | | Garnish $ | 258.00 | 258.00 |
| | | | | Plan Fee | 3.00 | 3.00 |
| | | | | Aflac Disabil | 13.20 | 13.20 |
| | | | | Aflac Medical | 14.35 | 14.35 |
| | | | | Vision | 6.57 | 6.57 |
| GROSS EARNING: | | 1,072.50 | 1,072.50 | TOTAL DEDUCT: | | |
| NET EARNINGS: | | 494.08 | 494.08 | | 578.42 | 578.42 |

185698

| EMPLOYEE | | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | | 17.000 HS | 7/15/2007 | 185698 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | 51.00 | 867.00 | 14,455.50 | Federal W/H | 18.78 | 267.50 |
| Vacation | 0.00 | 0.00 | 425.00 | FICA | 53.62 | 779.87 |
| Sick | 7.00 | 119.00 | 391.00 | Medicare | 12.54 | 182.39 |
| Holiday | 7.00 | 119.00 | 591.00 | CA State W/H | 8.36 | 117.96 |
| | | | | CA State DI | 5.19 | 75.48 |
| | | | | Health Ins. | 219.18 | 2,990.27 |
| | | | | Garnish $ | 258.00 | 3,612.00 |
| | | | | Banquet/Party | 0.00 | 35.00 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Creditor | 20.00 | 100.00 |
| | | | | Aflac Disabil | 13.20 | 184.80 |
| | | | | Aflac Medical | 14.35 | 200.90 |
| GROSS EARNINGS: | | 1,105.00 | 15,862.50 | Vision | 6.57 | 91.98 |
| NET EARNINGS: | | 475.21 | 7,221.35 | TOTAL DEDUCT: | 629.79 | 8,641.15 |

MSFMS00069-1          TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 4154955000          HPS0B40010000   M03SF003720

185698

| EMPLOYEE | | | SOCIAL SECURITY NO. | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|
| 17-NG0351  Jones, R | | | | 17.000 HS | 7/15/2007 | 185698 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| | | | | Federal W/H | 18.78 | 267.50 |
| Regular | 51.00 | 867.00 | 14,455.50 | FICA | 53.62 | 779.87 |
| Vacation | 0.00 | 0.00 | 425.00 | Medicare | 12.54 | 182.39 |
| Sick | 7.00 | 119.00 | 391.00 | CA State W/H | 8.36 | 117.96 |
| Holiday | 7.00 | 119.00 | 591.00 | CA State DI | 5.19 | 75.48 |
| | | | | Health Ins. | 219.18 | 2,990.27 |
| | | | | Garnish $ | 258.00 | 3,612.00 |
| | | | | Banquet/Party | 0.00 | 35.00 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Creditor | 20.00 | 100.00 |
| | | | | Aflac Disabil | 13.20 | 184.80 |
| | | | | Aflac Medical | 14.35 | 200.90 |
| GROSS EARNINGS: | | 1,105.00 | 15,862.50 | Vision | 6.57 | 91.98 |
| NET EARNINGS: | | 475.21 | 7,221.35 | TOTAL DEDUCT: | 629.79 | 8,641.15 |

188492

| EMPLOYEE | | SOCIAL SECURITY NO. | | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|
| 05-NG0317 Arciosa, M | | | | 14.430 HS | 9/30/2007 | 188492 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | 61.00 | 880.23 | 15,088.87 | Federal W/H | 50.86 | 1,175.23 |
| Overtime | 0.00 | 0.00 | 989.28 | FICA | 52.20 | 1,096.41 |
| Vacation | 0.00 | 0.00 | 789.75 | Medicare | 12.21 | 256.41 |
| Sick | 0.00 | 0.00 | 461.76 | CA State DI | 5.05 | 106.12 |
| Holiday | 0.00 | 0.00 | 890.96 | Other Taxes | 0.00 | 118.98 |
| Retro Pay | 0.00 | 0.00 | 188.00 | Health Ins. | 31.76 | 567.80 |
| | | | | Retro Ins. | 0.00 | 31.76 |
| | | | | Local 250 | 8.80 | 88.80 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Vision | 6.57 | 118.26 |
| | | | | Retro Vision | 0.00 | 6.57 |
| GROSS EARNINGS: | | 880.23 | 18,408.62 | ** DIRECT DEPOSIT ** | | |
| NET EARNINGS: | | | 14,839.28 | CitiBank TOTAL DEDUCT: | 712.78 | 14,693.64 |
| | | | | CONTINUED | 167.45 | 3,569.34 |

MSFMS00099-1

TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 4154955000

HPS0B40010000   M02SF003720

188492

| EMPLOYEE | | SOCIAL SECURITY NO. | | PAY RATE | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|
| 05-NG0317 Arciosa, M | | | | 14.430 HS | 9/30/2007 | 188492 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | 61.00 | 880.23 | 15,088.87 | Federal W/H | 50.86 | 1,175.23 |
| Overtime | 0.00 | 0.00 | 989.28 | FICA | 52.20 | 1,096.41 |
| Vacation | 0.00 | 0.00 | 789.75 | Medicare | 12.21 | 256.41 |
| Sick | 0.00 | 0.00 | 461.76 | CA State DI | 5.05 | 106.12 |
| Holiday | 0.00 | 0.00 | 890.96 | Other Taxes | 0.00 | 118.98 |
| Retro Pay | 0.00 | 0.00 | 188.00 | Health Ins. | 31.76 | 567.80 |
| | | | | Retro Ins. | 0.00 | 31.76 |
| | | | | Local 250 | 8.80 | 88.80 |
| | | | | Plan Fee | 0.00 | 3.00 |
| | | | | Vision | 6.57 | 118.26 |
| | | | | Retro Vision | 0.00 | 6.57 |
| GROSS EARNINGS: | | 880.23 | 18,408.62 | ** DIRECT DEPOSIT ** | | |
| NET EARNINGS: | | 712.78 | 14,839.28 | CitiBank TOTAL DEDUCT: | 712.78 | 14,693.64 |
| | | | | CONTINUED | 167.45 | 3,569.34 |