1  Robert M. Pattison (State Bar No. 103528)
   Anne V. Leinfelder (State Bar No. 230272)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401

5  Attorneys for Defendants
   FORESIGHT MANAGEMENT SERVICES,
6  LLC and JEREMY GRIMES

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  RONNIE JONES and MELECIO ARCIOSA, individually and on behalf of all others similarly 12  situated,<br><br>13                   Plaintiffs,<br><br>14        v.<br><br>15  FORESIGHT MANAGEMENT SERVICES, LLC and JEREMY GRIMES,<br>16<br>17                 Defendants. | Case No. CV-08-0938 JL<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**<br><br>Complaint Filed:  2/14/2008<br>Trial Date:  None Set |

18

19    Defendants FORESIGHT MANAGEMENT SERVICES, LLC ("FMS") and JEREMY

20  GRIMES (collectively "Defendants") answer the Class Action Complaint ("Complaint") filed on

21  behalf of Plaintiffs RONNIE JONES and MELECIO ARCIOSA ("Plaintiffs") as follows:

22                        **JURISDICTION AND VENUE**

23    1.    In answering paragraph 1 of the Complaint, Defendants admit only that this Court

24  has jurisdiction of claims asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201,

25  *et seq.*, that Defendant FORESIGHT MANAGEMENT SERVICES, LLC, is engaged in interstate

26  commerce, and that this Court has federal question jurisdiction under 28 U.S.C. §1331.  Except as

27  expressly admitted, Defendants deny the allegations of paragraph 1.

28  / / /

1

**PARTIES AND JURISDICTION**

2      2.    In answering paragraph 2 of the Complaint, Defendants admit that Plaintiffs were

3   employed within the County of Marin, State of California, at different times during period alleged

4   in the Complaint. Defendants admit during said period Plaintiff JONES resided in Marin County

5   and that Plaintiff ARCIOSA resided at times in Contra Costa County. Defendants aver on

6   information and belief that Plaintiff ARCIOSA resided at times in Solano County. Except as

7   expressly admitted, Defendants deny the allegations of paragraph 2 of the Complaint.

8      3.    In answering paragraph 3 of the Complaint, Defendants admit FORESIGHT

9   MANAGEMENT SERVICES ("FMS") is a California Limited Liability Company doing

10   business within the State of California. Defendants admit FMS does business in San Rafael,

11   Calistoga, Castro Valley, Danville, Lafayette, Oakland, San Bruno and San Mateo and that it

12   employed Plaintiffs and other hourly paid employees in FMS facilities. Defendant admits

13   Defendant JEREMY GRIMES has been President of FMS from 2004 to the present. Except as

14   expressly admitted, Defendant denies each and every allegation of paragraph 3.

15

**GENERAL ALLEGATIONS**

16      4.    In answering paragraph 4 of the Complaint, Defendants admit JONES worked for

17   FMS from approximately August of 2006 through July 25, 2007 at FMS's facility in San Rafael,

18   California. Defendants admit ARCIOSA worked for FMS at its facility in San Rafael, California.

19   Defendants deny JONES worked as a non-exempt clerk. Defendants deny ARCIOSA worked for

20   FMS from approximately April 2003 through November 2007. Defendants lack information

21   sufficient to form a belief as to the truth of the remaining allegations set forth therein and on that

22   basis deny each and every remaining allegation of paragraph 4.

23      5.    In answering paragraph 5 of the Complaint, Defendants admit ARCIOSA's

24   employment by FMS ended in November 2007. Except as expressly admitted, Defendants deny

25   each and every allegation of paragraph 5.

26      6.    In answering paragraph 6 of the Complaint, Defendants admit only that California

27   Labor Code sections 201 and 202 speak for themselves. Except as expressly admitted,

28   Defendants deny each and every allegation of paragraph 6.

2

1    7.    In answering paragraph 7 of the Complaint, Defendants deny each and every

2    allegation contained therein.

3    8.    In answering paragraph 8 of the Complaint, Defendants deny each and every

4    allegation contained therein.

5    9.    In answering paragraph 9 of the Complaint, Defendants deny each and every

6    allegation contained therein.

7    10.    In answering paragraph 10 of the Complaint, Defendants deny each and every

8    allegation contained therein.

9    11.    In answering paragraph 11 of the Complaint, Defendants admit only that

10   California Labor Code section 1198 speaks for itself.  Except as expressly admitted, Defendants

11   deny each and every allegation of paragraph 11.

12   12.    In answering paragraph 12 of the Complaint, Defendants deny each and every

13   allegation contained therein.

14   13.    In answering paragraph 13 of the Complaint, Defendants deny each and every

15   allegation contained therein, and aver that California Industrial Welfare Commission Order No.

16   4-2001 and any of its predecessors speak for themselves.

17   14.    In answering paragraph 14 of the Complaint, Defendants admit only that

18   California Labor Code sections 226.7(b) and 512(a) speak for themselves.  Except as expressly

19   admitted, Defendants deny the allegations of paragraph 14.

20   15.    In answering paragraph 15 of the Complaint, Defendant lacks sufficient

21   knowledge or information to form a belief as to the truth of the allegations and on that basis

22   denies each and every allegation contained therein.

23   16.    In answering paragraph 16 of the Complaint, Defendants admit only that

24   California Labor Code section 558 speaks for itself.  Except as expressly admitted, Defendants

25   deny the allegations of paragraph 16.

26   17.    In answering paragraph 17 of the Complaint, Defendants deny each and every

27   allegation contained therein.

28   18.    In answering paragraph 18 of the Complaint, Defendants admit only that

3

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT                    Case No.  CV-08-0938 JL

1    California Labor Code sections 226 and 226.3 speak for themselves.   Except as expressly
2    admitted, Defendants deny each and every allegation of paragraph 18.

3        19.    In answering paragraph 19 of the Complaint, Defendants admit only that
4    California Labor Code section 204(a) speaks for itself.  Except as expressly admitted, Defendants
5    deny the allegations of paragraph 19.

6        20.    In answering paragraph 20 of the Complaint, Defendants deny each and every
7    allegation contained therein.

8        21.    In answering paragraph 21 of the Complaint, Defendants admit only that no
9    alternative workweek schedule had been adopted pursuant to California Labor Code section 511
10   with regard to the employment of Plaintiffs.  Except as expressly admitted, Defendants deny each
11   and every allegation of paragraph 21.

12       22.    In answering paragraph 22 of the Complaint, Defendants admit only that
13   California Labor Code sections 1194 and 1194.2 speak for themselves.  Except as expressly
14   admitted, Defendants deny the allegations of paragraph 22.

15       23.    In answering paragraph 23 of the Complaint, Defendants deny each and every
16   allegation contained therein.

17       24.    In answering paragraph 24 of the Complaint, Defendants deny each and every
18   allegation contained therein.

19       25.    In answering paragraph 25 of the Complaint, Defendants deny each and every
20   allegation contained therein.

21                    **CLASS-ACTION ALLEGATIONS**

22       26.    Paragraph 26 of the Complaint consists of a description of the purported putative
23   class and does not require a response.  To the extent that any response is required, Defendants
24   deny each and every allegation contained therein.

25       27.    In answering paragraph 27 of the Complaint, Defendants deny each and every
26   allegation contained therein.

27       28.    In answering paragraph 28 of the Complaint, Defendants deny each and every
28   allegation contained therein.

4

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT                    Case No.  CV-08-0938 JL

1    29.    In answering paragraph 29 of the Complaint, Defendants deny each and every

2    allegation contained therein.

3    30.    In answering paragraph 30 of the Complaint, Defendants deny each and every

4    allegation contained therein.

5    31.    In answering paragraph 31 of the Complaint, Defendants deny each and every

6    allegation contained therein.

7    32.    In answering paragraph 32 of the Complaint, Defendants deny each and every

8    allegation contained therein.

9    33.    In answering paragraph 33 of the Complaint, Defendants deny each and every

10    allegation contained therein.

11    34.    In answering paragraph 34 of the Complaint, Defendants deny each and every

12    allegation contained therein.

13    35.    In answering paragraph 35 of the Complaint, Defendants deny each and every

14    allegation contained therein.

15    36.    In answering paragraph 36 of the Complaint, Defendants deny each and every

16    allegation contained therein.

17    37.    In answering paragraph 37 of the Complaint, Defendants deny each and every

18    allegation contained therein.

19    38.    In answering paragraph 38 of the Complaint, Defendants lack sufficient

20    knowledge or information to form a belief as to the truth of its allegations and on that basis deny

21    each and every allegation contained therein.

22    ### FLSA COLLECTIVE ACTION ALLEGATIONS

23    39.    In answering paragraph 39 of the Complaint, Defendants lack sufficient

24    knowledge or information to form a belief as to the truth of the allegations and on that basis deny

25    each and every allegation contained therein.

26    40.    In answering paragraph 40 of the Complaint, Defendants deny each and every

27    allegation contained therein.

28    / / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT                    Case No.  CV-08-0938 JL

1    41.    In answering paragraph 41 of the Complaint, Defendants deny each and every

2    allegation contained therein.

3    42.    In answering paragraph 42 of the Complaint, Defendants deny each and every

4    allegation contained therein.

5    **FIRST CLAIM FOR RELIEF**

6    (Cal. Lab. Code § 226.7 *et seq.*)

7    43.    In answering paragraph 43 of the Complaint, Defendants incorporate the above

8    responses by reference as if set forth fully herein.

9    44.    In answering paragraph 44 of the Complaint, Defendants deny each and every

10    allegation contained therein.

11    45.    In answering paragraph 45 of the Complaint, Defendants deny each and every

12    allegation contained therein.

13    46.    In answering paragraph 46 of the Complaint, Defendants deny each and every

14    allegation contained therein.

15    **SECOND CLAIM FOR RELIEF**

16    (Cal. Lab. Code § 203)

17    47.    In answering paragraph 47 of the Complaint, Defendants incorporate the above

18    responses by reference as if set forth fully herein.

19    48.    In answering paragraph 48 of the Complaint, Defendants deny each and every

20    allegation contained therein.

21    49.    In answering paragraph 49 of the Complaint, Defendants deny each and every

22    allegation contained therein.

23    **THIRD CLAIM FOR RELIEF**

24    (Cal. Lab. Code § 226)

25    50.    In answering paragraph 50 of the Complaint, Defendants incorporate the above

26    responses by reference as if set forth fully herein.

27    51.    In answering paragraph 51 of the Complaint, Defendants deny each and every

28    allegation contained therein.

6

1

## FOURTH CLAIM FOR RELIEF

2    (Cal. Lab. Code §§ 204, 510, 1194, 1194.2 and 1197 California Labor Code – Failure to Pay
Minimum Wage and Overtime Compensation)

3

4          52.    In answering paragraph 52 of the Complaint, Defendants incorporate the above

5    responses by reference as if set forth fully herein.

6          53.    In answering paragraph 53 of the Complaint, Defendants admit only that FMS

7    employed persons.  Except as expressly admitted, Defendants deny each and every allegation of

8    paragraph 53.

9

## FIFTH CLAIM FOR RELIEF

10   (29 USCS §§ 206 and 207 – Fair Labor Standards Act – Failure to Pay Minimum Wage and
Overtime Compensation)

11

12         54.    In answering paragraph 54 of the Complaint, Defendants incorporate the above

13   responses by reference as if set forth fully herein.

14         55.    In answering paragraph 55 of the Complaint, Defendants deny each and every

15   allegation contained therein.

16         56.    In answering paragraph 56 of the Complaint, Defendants deny each and every

17   allegation contained therein.

18

## SIXTH CLAIM FOR RELIEF

19   (Cal. Bus. & Prof. Code § 17200 *et seq.*)

20         57.    In answering paragraph 57 of the Complaint, Defendants incorporate the above

21   responses by reference as if set forth fully herein.

22         58.    In answering paragraph 58 of the Complaint, Defendants admit its allegations.

23         59.    In answering paragraph 59 of the Complaint, Defendants deny each and every

24   allegation contained therein.

25         60.    In answering paragraph 60 of the Complaint, Defendants deny each and every

26   allegation contained therein.

27         61.    In answering paragraph 61 of the Complaint, Defendants deny each and every

28   allegation contained therein.

7

1    62.    In answering paragraph 62 of the Complaint, Defendants deny each and every

2    allegation contained therein.

3    63.    Paragraph 63 of the Complaint describes relief that Plaintiffs purport to seek, and

4    for that reason no response is required.  To the extent that a response is required, Defendants deny

5    each and every allegation of paragraph 63.

6                                    **SEVENTH CLAIM FOR RELIEF**

7                                       (Wrongful Termination)

8    64.    In answering paragraph 64 of the Complaint, Defendants incorporate the above

9    responses by reference as if set forth fully herein.

10    65.    In answering paragraph 65 of the Complaint, Defendants admit only that Plaintiff

11    JONES worked at FMS' facility in San Rafael.  Except as expressly admitted, Defendants deny

12    each and every allegation of paragraph 65.

13    66.    In answering paragraph 66 of the Complaint, Defendants deny each and every

14    allegation contained therein.

15    67.    In answering paragraph 67 of the Complaint, Defendants lack sufficient

16    knowledge or information to form a belief as to the truth of the allegations and on that basis deny

17    each and every allegation contained therein.

18    68.    In answering paragraph 68 of the Complaint, Defendants deny each and every

19    allegation contained therein.

20    69.    In answering paragraph 69 of the Complaint, Defendants deny each and every

21    allegation contained therein.

22    70.    In answering paragraph 70 of the Complaint, Defendants deny each and every

23    allegation contained therein.

24                                    **AFFIRMATIVE DEFENSES**

25    As separate and distinct affirmative defenses to Plaintiffs' Complaint and its alleged

26    claims, Defendants allege as follows:

27                                       **Failure To State a Claim**

28    71.    The Complaint fails to state a claim upon which relief can be granted.

8

1

**Statutes of Limitation**

2      72.    Plaintiffs' First Claim is barred in whole or in part by the applicable statutes of

3   limitations, including without limitation California Code of Civil Procedure sections 338(a) and

4   340(a).

5      73.    Plaintiffs' Second and Fourth Claims are barred in whole or in part by the

6   applicable statutes of limitation, including without limitation California Code of Civil Procedure

7   section 338(a).

8      74.    Plaintiffs' Third and Sixth Claims are barred in whole or in part by the applicable

9   statutes of limitation, including without limitation California Code of Civil Procedure section

10  340(a) and, on information and belief, California Business and Professions Code section 17208.

11     75.    Plaintiffs' Fifth Claim is barred in whole or in part by the applicable statutes of

12  limitation, including without limitation 29 United States Code section 255(a).

13

**Lack of Standing**

14     76.    Plaintiffs and each of them lack standing to bring the instant action on behalf of

15  themselves or other unnamed putative class members.

16

**Exemptions**

17     **77.**    California Labor Code section 515(a) and the applicable regulations of the

18  California Industrial Welfare Commission ("IWC"), Title 8 California Code of Regulations

19  §11050, and in particular IWC Order 5-2001, as amended from time to time, section 1(B), bar

20  Plaintiffs' Complaint and their First, Fourth and Sixth Claims because at all times material

21  Plaintiff JONES and persons similarly situated was an exempt employee.

22     78.    Plaintiffs' Fifth and Sixth Claims are barred in that Plaintiff JONES and many of

23  the alleged putative class members were exempt during some or all of the time periods alleged in

24  the complaint under 29 U.S.C. §213 and its implementing regulations.

25

**Statutory Bar – Failure To Exhaust Remedies**

26     79.    On information and belief, Plaintiffs' failure to comply with the requirements of

27  California Labor Code section 2699.3 bars their First, Second, Third and Fourth Claims in whole

28  or in part.

9

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT                              Case No.  CV-08-0938 JL

1

### Statutory Bar – Good Faith

2    80.    29 U.S.C. § 260 bars in whole or in part Plaintiffs' claims for Fair Labor Standards

3    Act liquidated damages under their Fifth Claim.

4

### Management Discretion or Privilege

5    81.    Plaintiff JONES' Seventh Claim is barred in that Defendant FMS' actions were a

6    just and proper exercise of management discretion, undertaken for a fair and honest reason

7    regulated by good faith under the circumstances then existing, and based on legitimate,

8    nondiscriminatory reasons.  Defendant FMS's actions were privileged as a matter of law.

9

### Waiver or Estoppel

10    82.    Plaintiff JONES' Seventh Claim is barred in that Defendant FMS' did not

11    terminate his employment; rather, JONES resigned voluntarily.  JONES own conduct therefore

12    estops him from asserting or waives his Seventh Claim.

13    83.    On information and belief, each Plaintiffs' own conduct bars relief under the

14    doctrine of estoppel.

15

### Frustration

16    84.    Plaintiff JONES frustrated and prevented Defendant FMS from thoroughly

17    investigating Plaintiff's allegations of impropriety by failing or refusing to report his allegations,

18    notwithstanding Plaintiff's ample opportunity to do so without fear of retaliation.  Accordingly,

19    Defendant had no actual or constructive knowledge of Plaintiff's allegations of impropriety.

20    Therefore, any alleged failure by Defendant to take remedial measures resulted from Plaintiff

21    JONES' frustration of Defendants' ability to remedy any alleged impropriety.

22

### Unclean Hands

23    85.    Plaintiff JONES comes before the Court with unclean hands.

24

### PRAYER

25    WHEREFORE, Defendants pray that:

26    1.    Plaintiffs, and each of them, take nothing by this action;

27    2.    Judgment be entered against each Plaintiff and in favor of Defendants;

28    / / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT                    Case No.  CV-08-0938 JL

1       3.     Defendants be awarded their reasonable attorney's fees and costs where authorized

2      by law; and

3       4.     Defendants be awarded such other relief as the Court deems just and equitable.

4   Dated:  March 20, 2008          JACKSON LEWIS LLP

5

6                 By:

7                     Robert M. Pattison

                       Anne V. Leinfelder

                       Attorneys for Defendants

8                     FORESIGHT MANAGEMENT SERVICES,

                       LLC and JEREMY GRIMES

9

10  Foresight Management Services LLC\Jones, Ronnie (121595)\Pleadings\20080320 AVL Answer.doc  March 20, 2008

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT          Case No.  CV-08-0938 JL