Robert M. Pattison (State Bar No. 103528)
Anne V. Leinfelder (State Bar No. 230272)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendants
FORESIGHT MANAGEMENT SERVICES,
LLC and JEREMY GRIMES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES and MELECIO ARCIOSA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORESIGHT MANAGEMENT SERVICES, LLC and JEREMY GRIMES,<br><br>Defendants. | Case No. CV-08-0938 JL<br><br>**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**<br><br>Complaint Filed: 2/14/2008<br>Trial Date: None Set |

Defendants FORESIGHT MANAGEMENT SERVICES, LLC ("FMS") and JEREMY GRIMES (collectively "Defendants") answer the Class Action Complaint ("Complaint") filed on behalf of Plaintiffs RONNIE JONES and MELECIO ARCIOSA ("Plaintiffs") as follows:

## JURISDICTION AND VENUE

1. In answering paragraph 1 of the Complaint, Defendants admit only that this Court has jurisdiction of claims asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, that Defendant FORESIGHT MANAGEMENT SERVICES, LLC, is engaged in interstate commerce, and that this Court has federal question jurisdiction under 28 U.S.C. §1331. Except as expressly admitted, Defendants deny the allegations of paragraph 1.

///

## PARTIES AND JURISDICTION

2.    In answering paragraph 2 of the Complaint, Defendants admit that Plaintiffs were employed within the County of Marin, State of California, at different times during period alleged in the Complaint. Defendants admit during said period Plaintiff JONES resided in Marin County and that Plaintiff ARCIOSA resided at times in Contra Costa County. Defendants aver on information and belief that Plaintiff ARCIOSA resided at times in Solano County. Except as expressly admitted, Defendants deny the allegations of paragraph 2 of the Complaint.

3.    In answering paragraph 3 of the Complaint, Defendants admit FORESIGHT MANAGEMENT SERVICES ("FMS") is a California Limited Liability Company doing business within the State of California. Defendants admit FMS does business in San Rafael, Calistoga, Castro Valley, Danville, Lafayette, Oakland, San Bruno and San Mateo and that it employed Plaintiffs and other hourly paid employees in FMS facilities. Defendant admits Defendant JEREMY GRIMES has been President of FMS from 2004 to the present. Except as expressly admitted, Defendant denies each and every allegation of paragraph 3.

## GENERAL ALLEGATIONS

4.    In answering paragraph 4 of the Complaint, Defendants admit JONES worked for FMS from approximately August of 2006 through July 25, 2007 at FMS's facility in San Rafael, California. Defendants admit ARCIOSA worked for FMS at its facility in San Rafael, California. Defendants deny JONES worked as a non-exempt clerk. Defendants deny ARCIOSA worked for FMS from approximately April 2003 through November 2007. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations set forth therein and on that basis deny each and every remaining allegation of paragraph 4.

5.    In answering paragraph 5 of the Complaint, Defendants admit ARCIOSA's employment by FMS ended in November 2007. Except as expressly admitted, Defendants deny each and every allegation of paragraph 5.

6.    In answering paragraph 6 of the Complaint, Defendants admit only that California Labor Code sections 201 and 202 speak for themselves. Except as expressly admitted, Defendants deny each and every allegation of paragraph 6.

7. In answering paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein.

8. In answering paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

9. In answering paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

10. In answering paragraph 10 of the Complaint, Defendants deny each and every allegation contained therein.

11. In answering paragraph 11 of the Complaint, Defendants admit only that California Labor Code section 1198 speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 11.

12. In answering paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

13. In answering paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein, and aver that California Industrial Welfare Commission Order No. 4-2001 and any of its predecessors speak for themselves.

14. In answering paragraph 14 of the Complaint, Defendants admit only that California Labor Code sections 226.7(b) and 512(a) speak for themselves. Except as expressly admitted, Defendants deny the allegations of paragraph 14.

15. In answering paragraph 15 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

16. In answering paragraph 16 of the Complaint, Defendants admit only that California Labor Code section 558 speaks for itself. Except as expressly admitted, Defendants deny the allegations of paragraph 16.

17. In answering paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18. In answering paragraph 18 of the Complaint, Defendants admit only that

1  California Labor Code sections 226 and 226.3 speak for themselves. Except as expressly
2  admitted, Defendants deny each and every allegation of paragraph 18.
3      19.   In answering paragraph 19 of the Complaint, Defendants admit only that
4  California Labor Code section 204(a) speaks for itself. Except as expressly admitted, Defendants
5  deny the allegations of paragraph 19.
6      20.   In answering paragraph 20 of the Complaint, Defendants deny each and every
7  allegation contained therein.
8      21.   In answering paragraph 21 of the Complaint, Defendants admit only that no
9  alternative workweek schedule had been adopted pursuant to California Labor Code section 511
10 with regard to the employment of Plaintiffs. Except as expressly admitted, Defendants deny each
11 and every allegation of paragraph 21.
12     22.   In answering paragraph 22 of the Complaint, Defendants admit only that
13 California Labor Code sections 1194 and 1194.2 speak for themselves. Except as expressly
14 admitted, Defendants deny the allegations of paragraph 22.
15     23.   In answering paragraph 23 of the Complaint, Defendants deny each and every
16 allegation contained therein.
17     24.   In answering paragraph 24 of the Complaint, Defendants deny each and every
18 allegation contained therein.
19     25.   In answering paragraph 25 of the Complaint, Defendants deny each and every
20 allegation contained therein.

## CLASS-ACTION ALLEGATIONS

22     26.   Paragraph 26 of the Complaint consists of a description of the purported putative
23 class and does not require a response. To the extent that any response is required, Defendants
24 deny each and every allegation contained therein.
25     27.   In answering paragraph 27 of the Complaint, Defendants deny each and every
26 allegation contained therein.
27     28.   In answering paragraph 28 of the Complaint, Defendants deny each and every
28 allegation contained therein.

29. In answering paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

30. In answering paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31. In answering paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

32. In answering paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33. In answering paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34. In answering paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35. In answering paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36. In answering paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37. In answering paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

38. In answering paragraph 38 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of its allegations and on that basis deny each and every allegation contained therein.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

39. In answering paragraph 39 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

40. In answering paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

///

5
DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO CLASS ACTION COMPLAINT                           Case No. CV-08-0938 JL

1   41.   In answering paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

2   42.   In answering paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

(Cal. Lab. Code § 226.7 *et seq.*)

43.   In answering paragraph 43 of the Complaint, Defendants incorporate the above responses by reference as if set forth fully herein.

44.   In answering paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45.   In answering paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

46.   In answering paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

(Cal. Lab. Code § 203)

47.   In answering paragraph 47 of the Complaint, Defendants incorporate the above responses by reference as if set forth fully herein.

48.   In answering paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49.   In answering paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

(Cal. Lab. Code § 226)

50.   In answering paragraph 50 of the Complaint, Defendants incorporate the above responses by reference as if set forth fully herein.

51.   In answering paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF

(Cal. Lab. Code §§ 204, 510, 1194, 1194.2 and 1197 California Labor Code – Failure to Pay Minimum Wage and Overtime Compensation)

52. In answering paragraph 52 of the Complaint, Defendants incorporate the above responses by reference as if set forth fully herein.

53. In answering paragraph 53 of the Complaint, Defendants admit only that FMS employed persons. Except as expressly admitted, Defendants deny each and every allegation of paragraph 53.

### FIFTH CLAIM FOR RELIEF

(29 USCS §§ 206 and 207 – Fair Labor Standards Act – Failure to Pay Minimum Wage and Overtime Compensation)

54. In answering paragraph 54 of the Complaint, Defendants incorporate the above responses by reference as if set forth fully herein.

55. In answering paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

56. In answering paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

### SIXTH CLAIM FOR RELIEF

(Cal. Bus. & Prof. Code § 17200 *et seq.*)

57. In answering paragraph 57 of the Complaint, Defendants incorporate the above responses by reference as if set forth fully herein.

58. In answering paragraph 58 of the Complaint, Defendants admit its allegations.

59. In answering paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

60. In answering paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

61. In answering paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

62. In answering paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

63. Paragraph 63 of the Complaint describes relief that Plaintiffs purport to seek, and for that reason no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 63.

### SEVENTH CLAIM FOR RELIEF

(Wrongful Termination)

64. In answering paragraph 64 of the Complaint, Defendants incorporate the above responses by reference as if set forth fully herein.

65. In answering paragraph 65 of the Complaint, Defendants admit only that Plaintiff JONES worked at FMS' facility in San Rafael. Except as expressly admitted, Defendants deny each and every allegation of paragraph 65.

66. In answering paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67. In answering paragraph 67 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

68. In answering paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

69. In answering paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70. In answering paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' Complaint and its alleged claims, Defendants allege as follows:

### Failure To State a Claim

71. The Complaint fails to state a claim upon which relief can be granted.

### Statutes of Limitation

72. Plaintiffs' First Claim is barred in whole or in part by the applicable statutes of limitations, including without limitation California Code of Civil Procedure sections 338(a) and 340(a).

73. Plaintiffs' Second and Fourth Claims are barred in whole or in part by the applicable statutes of limitation, including without limitation California Code of Civil Procedure section 338(a).

74. Plaintiffs' Third and Sixth Claims are barred in whole or in part by the applicable statutes of limitation, including without limitation California Code of Civil Procedure section 340(a) and, on information and belief, California Business and Professions Code section 17208.

75. Plaintiffs' Fifth Claim is barred in whole or in part by the applicable statutes of limitation, including without limitation 29 United States Code section 255(a).

### Lack of Standing

76. Plaintiffs and each of them lack standing to bring the instant action on behalf of themselves or other unnamed putative class members.

### Exemptions

77. California Labor Code section 515(a) and the applicable regulations of the California Industrial Welfare Commission ("IWC"), Title 8 California Code of Regulations §11050, and in particular IWC Order 5-2001, as amended from time to time, section 1(B), bar Plaintiffs' Complaint and their First, Fourth and Sixth Claims because at all times material Plaintiff JONES and persons similarly situated was an exempt employee.

78. Plaintiffs' Fifth and Sixth Claims are barred in that Plaintiff JONES and many of the alleged putative class members were exempt during some or all of the time periods alleged in the complaint under 29 U.S.C. §213 and its implementing regulations.

### Statutory Bar – Failure To Exhaust Remedies

79. On information and belief, Plaintiffs' failure to comply with the requirements of California Labor Code section 2699.3 bars their First, Second, Third and Fourth Claims in whole or in part.

### Statutory Bar – Good Faith

80. 29 U.S.C. § 260 bars in whole or in part Plaintiffs' claims for Fair Labor Standards Act liquidated damages under their Fifth Claim.

### Management Discretion or Privilege

81. Plaintiff JONES' Seventh Claim is barred in that Defendant FMS' actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons. Defendant FMS's actions were privileged as a matter of law.

### Waiver or Estoppel

82. Plaintiff JONES' Seventh Claim is barred in that Defendant FMS' did not terminate his employment; rather, JONES resigned voluntarily. JONES own conduct therefore estops him from asserting or waives his Seventh Claim.

83. On information and belief, each Plaintiff's own conduct bars relief under the doctrine of estoppel.

### Frustration

84. Plaintiff JONES frustrated and prevented Defendant FMS from thoroughly investigating Plaintiff's allegations of impropriety by failing or refusing to report his allegations, notwithstanding Plaintiff's ample opportunity to do so without fear of retaliation. Accordingly, Defendant had no actual or constructive knowledge of Plaintiff's allegations of impropriety. Therefore, any alleged failure by Defendant to take remedial measures resulted from Plaintiff JONES' frustration of Defendants' ability to remedy any alleged impropriety.

### Unclean Hands

85. Plaintiff JONES comes before the Court with unclean hands.

### Statutory Bar

86. California Labor Code section 514 bars in whole or in part Plaintiffs' claims for overtime compensation under California Labor Code section 510 as alleged in Plaintiffs' Fourth Claim for relief.

///

# PRAYER

WHEREFORE, Defendants pray that:

1. Plaintiffs, and each of them, take nothing by this action;

2. Judgment be entered against each Plaintiff and in favor of Defendants;

3. Defendants be awarded their reasonable attorney's fees and costs where authorized by law; and

4. Defendants be awarded such other relief as the Court deems just and equitable.

Dated: April 7, 2008                JACKSON LEWIS LLP


By:    /s/ *Robert M. Pattison*
       Robert M. Pattison
       Anne V. Leinfelder
       Attorneys for Defendants
       FORESIGHT MANAGEMENT SERVICES,
       LLC and JEREMY GRIMES


Foresight Management Services\Jones, Ronnie (121595)\Pleadings\20080407 rmp AmendedAnswer.doc  April 7, 2008

---

11

DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO CLASS ACTION COMPLAINT                   Case No. CV-08-0938 JL