1   Alan Harris (SBN 146079)
    David Zelenski (SBN 231768)
2   HARRIS & RUBLE
    5455 Wilshire Boulevard, Suite 1800
3   Los Angeles, CA 90036
    Telephone:  (323) 931-3777
4   Facsimile:  (323) 931-3366

5   David S. Harris (SBN 215224)
    NORTH BAY LAW GROUP
6   901 Irwin Street
    San Rafael, CA 94901
7   Telephone: (415) 460-5300
    Facsimile: (415) 460-5303

8

    Attorneys for Plaintiffs
9   RONNIE JONES and MELECIO ARCIOSA

10

    Robert M. Pattison (SBN 103528)
11  Anne V. Leinfelder (SBN 230272)
    JACKSON LEWIS LLP
12  199 Fremont Street, 10th Floor
    San Francisco, California  94105
13  Telephone:  (415) 394-9400
    Facsimile:  (415) 394-9401

14

    Attorneys for Defendants
15  FORESIGHT MANAGEMENT SERVICES,
    LLC and JEREMY GRIMES

16
                    UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18

19

| | |
|---|---|
| RONNIE JONES and MELECIO ARCIOSA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FORESIGHT MANAGEMENT SERVICES, LLC and JEREMY GRIMES,<br><br>                    Defendants. | Case No. CV-08-00938JL<br><br>**PLAINTIFFS RONNIE JONES' AND MELECIO ARCIOSA'S AND DEFENDANTS FORESIGHT MANAGEMENT SERVICES, LLC's AND JEREMY GRIMES' JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed:   2/14/2008<br>Trial Date:        None Set |

20
21
22
23
24
25
26

27
28
          Pursuant to this Court's Order Setting Initial Case Management Conference, Civil Local

                                          1

1   Rule 16-9 and the Standing Order, Plaintiffs Ronnie Jones and Melecio Arciosa ("Plaintiffs") and

2   Defendants Foresight Management Services LLC ("FMS") and Jeremy Grimes (jointly

3   "Defendants") (collectively referred to as the "Parties"), by and through their respective counsel,

4   submit the following Joint Case Management Conference Statement and Proposed Order.

5   **A.    Jurisdiction and Service:**

6       This Court has jurisdiction of claims asserted under the Fair Labor Standards Act

7   ("FLSA"), 29 U.S.C. §201, *et seq.*, and federal question jurisdiction under 28 U.S.C. §1331.

8   There are no remaining parties to be served.

9       Defendants submit supplemental jurisdiction over the California state law claims is

10  problematic.  The court's adjudication of the California state law claims will be anchored on its

11  adjudication of the accompanying FLSA claims. See 28 USC § 1367(a). Under the FLSA, only

12  those employees who have filed the suit or opted in to the suit can be part of the FLSA suit.  See

13  29 USC §216(b) ["No employee shall be a party plaintiff to any such action unless he gives his

14  consent in writing to become such a party and such consent is filed in the court in which such

15  action is brought."]  If the court eventually certifies a Rule 23 state law class, but only a few

16  plaintiffs opt in to the FLSA claims, the court may be faced with the situation of a large number

17  of plaintiffs in the state law class who have chosen not to prosecute their federal claims.  Under

18  such circumstances declining supplemental jurisdiction would be appropriate, given that the state

19  law claims could be said substantially to predominate over the federal claims.

20      Plaintiffs submit that it is premature for the defense to raise this objection since it is based

21  on speculation that the majority of employees will decline to participate in the FLSA action.

22  **B.    Facts/Description of the Case:**

23          **1.    A brief description of the events underlying the action:**

24      On February 14, 2008, Plaintiffs Ronnie Jones and Melecio Arciosa filed a class action

25  complaint in the U.S. District Court for the Northern District of California, alleging seven claims:

26  1) California Labor Code §226.7, failure to provide meal and rest periods in compliance with

27  California law; 2) California Labor Code §203, failure to pay wages due under California Labor

28  Code §§201 and 202; 3) California Labor Code §226, failure to provide itemized wage statements

2

1  in compliance with California law; 4) California Labor Code §204, 510 and 1194, failure to pay
2  minimum wage or overtime compensation; 5) 29 U.S.C.S. §206 and 207, Fair Labor Standards
3  Act, failure to pay minimum wage and overtime compensation; 6) California Business &
4  Professions Code §17200 et seq., unfair competition; and 7) Wrongful Termination in Violation
5  of Public Policy of Plaintiff Ronnie Jones ("Jones"). Plaintiffs seek to represent a class of "all
6  natural persons who were issued one or more paychecks by FMS in California during the period
7  beginning four years prior to the filing of th[e] Complaint," or February 14, 2004 to the present.

8  　　　　Plaintiff Jones alleges he was hired by FMS in approximately August 2006 as a non-
9  exempt clerk at the FMS facility, Northgate Care Center, in San Rafael, California. Jones worked
10  as the business office manager for Northgate Care Center through July 2007. Plaintiff Melecio
11  Arciosa ("Arciosa") alleges he was hired in approximately April 2003 as a non-exempt Certified
12  Nursing Assistant at the FMS facility in San Rafael, California. Arciosa's employment ended
13  with FMS in November 2007.

14  　　　　FMS provides management and accounting services to skilled nursing facilities in
15  California. Over the past four years, FMS has provided services at facilities in San Rafael, San
16  Leandro, Calistoga, Castro Valley, Danville, Lafayette, Oakland, San Bruno, San Mateo, and Los
17  Angeles. FMS no longer provides services in San Leandro or Los Angeles.

18  　　　　Plaintiffs allege that during their employment at Northgate Care Center, they were not
19  provided with meal and rest periods in compliance with California law. As a result, they claim
20  they are entitled to a one-hour wage premium for each missed meal period and each missed rest
21  period under Wage Order No. 4. Plaintiffs also allege FMS failed to pay all wages earned on
22  separation, statutory minimum wage and applicable overtime pay. Plaintiffs also claim they were
23  not provided with accurate itemized wage statements. Plaintiffs claim FMS employed them but
24  failed to provide them with the data required by section 226 of the California Labor Code in their
25  wage statements.

26  　　　　Jones alleges he worked overtime but was misclassified as exempt from overtime and
27  therefore not paid for any overtime hours he worked. He claims he is entitled to unpaid wages
28  and applicable penalties. Jones also claims he was wrongfully terminated in violation of public

3

1    policy.  Specifically, Jones claims that he was terminated because he failed to accede to demands

2    of FMS that he falsify Medi-Cal Treatment Authorization Requests ("TARS") to be submitted to

3    the State of California.

4        Defendants deny Plaintiffs' allegations.  Defendants contend they provided Plaintiffs with

5    all required meal and rest periods.  Defendants contend they paid Plaintiffs for all hours worked,

6    including overtime where applicable.  Defendants contend that Jones was properly classified as

7    exempt from the overtime premium.  Moreover, Defendants contend Jones did not work any

8    hours past the daily or weekly overtime threshold requirement.  Defendants maintain they have

9    properly paid all earned wages to both Plaintiffs.  Defendants deny Plaintiffs have been harmed in

10   any way by Defendants' actions.  Defendants contend Plaintiffs cannot establish FMS knowingly

11   or intentionally violated wage and hour laws to recover penalties sought for alleged "willful"

12   violations.   Defendants contend Plaintiffs are barred from bringing their claims based on

13   California Labor Code section 514.

14       **2.    The principal factual issues which the parties dispute:**

15       The Parties have met and conferred regarding the numerous issues each believes exist or

16   potentially exist in this matter.  The fact that any particular issue is listed is not necessarily

17   indicative that both Parties agree that the issue is relevant to the case, or even appropriately

18   stated; rather, it is simply indicative that at least one of the Parties believes that the issue, as

19   stated, is relevant at this time.

20       In light of the factual inquiry necessary to determine some legal issues and the

21   interdependency of many factual and legal concepts, the Parties have attempted to frame the

22   following issues in the most appropriate category.  If any of the following issues are stated as

23   factual issues when it would be more appropriate to list such issue in the legal category (or vice

24   versa) the Parties incorporate such issue(s) in the correct category.  In addition, further factual and

25   legal issues may become known to one or both of the Parties as discovery continues.

26       The factual issues that the Parties dispute include, but are not necessarily limited to, the

27   following:

28       *    Whether Plaintiffs were provided with meal and rest periods in compliance with

4

1 | California law;

2 | * Whether Plaintiffs were properly paid for all work performed for FMS;

3 | * Whether Plaintiffs were paid for all overtime hours worked for FMS as required by

4 | California wage and hour law for time worked in excess of eight (8) hours in a workday , or forty

5 | (40) hours in a workweek;

6 | * Whether Plaintiffs have been paid minimum wage for all hours worked;

7 | * Whether Plaintiffs were timely furnished with itemized wage statements providing

8 | the detail required by California Labor Code §226;

9 | * Whether Plaintiffs were injured by any allegedly defective wage statements;

10 | * Whether Plaintiffs were not paid all earned wages, and if so, whether that failure to

11 | pay was "willful":

12 | * Whether Jones was properly classified as exempt from overtime;

13 | * Whether Plaintiffs ever worked over 8 hours in a day or over 40 hours in a

14 | consecutive 7-day period;

15 | * Whether FMS ever requested that Jones falsify Medi-Cal TARS;

16 | * Whether Jones was terminated for allegedly refusing to falsify Medi-Cal TARS;

17 | * Whether Jones reported any of his allegations to FMS;

18 | * Whether, and to what extent, Plaintiffs have suffered any damages as a result of

19 | Defendants' alleged actions;

20 | * Whether Plaintiffs have mitigated their damages, if any;

21 | * Whether Defendants, and each of them, acted willfully.

22 | **C.    The principal legal issues which the parties dispute:**

23 | * Whether Plaintiffs have exhausted their administrative remedies;

24 | * Whether Plaintiffs can establish personal liability of Defendant Jeremy Grimes;

25 | * Whether Plaintiffs have standing to bring the instant action on behalf of

26 | themselves or other unnamed putative class members;

27 | * Whether this case may be certified as a class action pursuant to Rule 23 of the

28 | Federal Rules of Civil Procedure, including, but not limited to, whether Plaintiffs' claims are

JOINT CASE MANAGEMENT STATEMENT                Case No.  CV-08-00938 JL

1   typical of those of the putative class, whether there are common policies and practices applicable
2   to the putative class as a whole relating to Plaintiffs' claims, whether Plaintiffs have demonstrated
3   an ascertainable class, and whether Plaintiffs are adequately represented;

4          *        Whether the Court should assert supplemental jurisdiction over the California state
5   law claims alleged in the complaint, for the reasons addressed in section A above ("Jurisdiction
6   and Service");

7          *        Whether Plaintiffs or any putative class members were subjected to a violation of
8   California Labor Code §§ 204, 510, 1194, 1194.2 and 1197 by being denied minimum wage and
9   overtime compensation;

10         *        Whether Plaintiffs or any putative class members were subjected to a violation of
11  California Business and Professions Code § 17200, *et seq*., by being denied pay for all hours
12  worked;

13         *        Whether Plaintiffs or any putative class members were subjected to a violation of
14  California Labor Code § 226 or Business & Professions Code § 17200 by not being timely
15  furnished with itemized statements each pay period containing all statutorily required
16  information;

17         *        Whether Plaintiffs or any putative class members were subjected to violations of
18  29 U.S.C.S §§ 206 and 207 by not being paid minimum wage and overtime compensation;

19         *        Whether Plaintiff Jones can establish he was involuntarily terminated;

20         *        Whether Plaintiff Jones or any other putative class member was misclassified as
21  exempt from overtime and failed to receive all wages owed;

22         *        Whether Plaintiffs or any putative class members are entitled to one hour of pay
23  for each shift of four hours or more in which he or she was not provided with a ten-minute rest
24  period;

25         *        Whether Plaintiffs or any putative class members are entitled to one hour of pay
26  for each shift of five hours or more in which he or she was not provided with a thirty-minute meal
27  period;

28         *        To what extent Plaintiffs' claims are barred by the applicable statutes of limitation;

6

1    *    Whether any of Plaintiffs' claims are barred by Labor Code section 514.

2  Defendant FMS employed numerous putative class members under the terms of several collective

3  bargaining agreements.  Under Labor Code section 514, those collective bargaining agreements

4  serve to bar certain of Plaintiffs' claims;

5    *    Whether, to the extent Plaintiffs or any putative class members were denied pay

6  for all hours worked in accordance with California wage and hour law, such denial was "willful";

7    *    Whether Plaintiffs suffered any damages as a result of Defendants' alleged actions;

8    *    Whether Plaintiffs have mitigated their damages, if any.

9  **D.    Motions:**

10    Plaintiffs anticipate filing a motion for class certification under FRCP Rule 23 and a

11  motion for certification of an FLSA collective action pursuant to 29 U.S.C. §216(b).

12    Defendants may file a dispositive motion to dismiss Plaintiffs' claims.   If the case

13  proceeds to trial, Plaintiffs and/or Defendants may move to bifurcate liability from damages at

14  trial.  Defendants reserve the right to file a motion to decertify the class to the extent a class

15  action is certified.

16    The parties agree that additional motions, not presently foreseeable, may be necessary

17  depending on the results of discovery and further investigation.

18  **E.    Amendment of Pleadings:**

19    Plaintiffs intend to amend their complaint to add a claim under the California Private

20  Attorney General Act ("PAGA"), Labor Code §2699.  Defendants will seek leave to amend their

21  answer to respond to any amended complaint or if otherwise necessary based on information

22  revealed in discovery and continuing investigation.

23  **F.    Evidence Preservation:**

24    Defendants have taken affirmative steps to ensure the preservation of all evidence –

25  including evidence electronically recorded – relevant to the issues reasonably evident in the

26  action.

27  **G.    Disclosures:**

28    The parties have filed their initial disclosures concurrently with this statement.  As further

7

1  documents and witnesses may become known as the investigation and discovery in this matter

2  continue, the parties will supplement their disclosures as necessary. Since this case is a putative

3  class action involving potentially hundreds of employees working at more than a dozen facilities,

4  the parties anticipate supplementation of initial disclosures will be necessary.

5  **H.    Discovery:**

6        The parties have not engaged in any formal discovery to date. The parties have identified

7  relevant materials to exchange in their initial disclosures. The parties agree that it may be

8  necessary and appropriate to differentiate between discovery at the class certification stage, and

9  later discovery after the Court rules on Plaintiffs' anticipated motions for class or FLSA section

10  16(b) collective action certification [29 USC §216(b)]. Paragraphs A-C below address discovery

11  at the class certification stage only.

12        **1.    Written discovery.** After reviewing the initial disclosures, the parties will

13  propound written discovery, requests for production, requests for admissions, and interrogatories

14  within the next sixty days.

15        **2.    Depositions.** Plaintiffs anticipate noticing the deposition of the individual

16  defendant, corporate persons most knowledgeable, and any persons submitting declarations for

17  Defendants. Plaintiffs will determine the number of officers and managers to be deposed

18  following receipt of Defendants' initial disclosures. Defendants anticipate noticing the

19  depositions of the named Plaintiffs, as well as any putative class members or other witnesses who

20  submit declarations in support of Plaintiffs' anticipated motions for class or FLSA section 16(b)

21  collective action certification.

22        **3.    Discovery Limitations.** The parties do not at this time seek any limitations or

23  modifications of the discovery rules as imposed by the Federal Rules of Civil Procedure and

24  Local Rules.

25  **I.    Class Actions:**

26        (1) Plaintiffs contend that a class action is maintainable under F.R.Civ.P. 23(a), (b), and

27  (c).

28        (2) Plaintiffs contend the action is brought on behalf of "all natural persons who were

8

1   issued one or more paychecks by FMS in California during the period beginning four years prior
2   to the filing of th[e] Complaint."

3       (3) The facts demonstrating that Plaintiffs are entitled to maintain the action under
4   F.R.Civ.P. 23(a) (b) and (c) include the following:

5       There were well in excess of five-hundred persons who were tendered a paycheck by
6   Defendant during the four years before the filing of the Complaint; the putative Class is so
7   numerous that joinder of all putative Class Members is impracticable; there are numerous, crucial
8   legal and factual issues that are common to the putative Class; the claims of the Plaintiffs are
9   typical of the claims of the putative Class; Plaintiffs and their counsel will adequately and fairly
10  represent the interests of the putative Class; the prosecution of separate actions by or against
11  individual Members of the putative Class would create a risk of inconsistent or varying
12  adjudications that would establish incompatible standards of conduct for the party opposing the
13  putative Class; and, by FMS not providing all required meal and rest breaks, by FMS not paying
14  the Class for all work performed, by not paying the Class for all overtime worked, by not paying
15  the Class minimum wages for all hours worked, and by not providing the appropriate pay-stub
16  information to its employees, the party opposing the putative Class has acted and refused to act on
17  grounds generally applicable to the putative Class, thereby making appropriate final injunctive
18  relief with respect to the putative Class as a whole.

19      Defendants submit that this case is not appropriate for class action based on numerosity,
20  the fact that individual issues predominate, including the fact that several different collective
21  bargaining agreements apply at different facilities, and because the mixed state and federal claims
22  raise problems regarding manageability.

23  **J.    Related Cases:**

24      None that the parties are aware of at the present time.

25  **K.    Relief:**

26      Plaintiffs, on behalf of themselves and the putative class members, seek compensation for
27  one hour of pay for each work shift longer than four hours that the class member was not
28  provided a ten-minute meal period, compensation for one hour of pay for each work shift longer

9

than five hours during which the class member was not provided a thirty-minute non-working meal period and an injunction to prevent such misconduct in the future, continuing wages from the date on which wages were due and an injunction against Defendants' for failing to pay for all hours worked, damages and liquidated damages for all wages earned including overtime pay under the California Labor Code and the Fair Labor Standards Act, and injunctive relief and restitution and other equitable relief pursuant to section 17203 of the California Business and Professions Code. Plaintiffs also seek monetary relief under the California wage and hour laws for the payment of unpaid wages, including pre- and post-judgment interest, statutory penalties, and an award of costs and attorneys' fees as prayed for in the Complaint.

Defendants deny that Plaintiffs or members of the putative class are legally entitled to any such relief.

**L.     Settlement and ADR:**

The Parties have had preliminary settlement discussions, and have agreed to a settlement conference before a Magistrate Judge.

**M.     Consent to Magistrate Judge for Trial:**

The parties will each file their consent to a Magistrate Judge for trial.

**N.     Other References:**

At this time, the parties do not recommend referring this case to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.     Narrowing of Issues:**

Defendants submit that the issues in this case may be narrowed by a motion for judgment on the pleadings or a motion for summary judgment or in the alternative partial summary judgment. Plaintiffs and/or Defendants may seek to bifurcate liability from damages at trial. The parties are unaware of any other means to narrow the issues at this time, although a magistrate judge may be able to assist in such narrowing in some respects in a settlement conference

**P.     Expedited Schedule:**

The parties may explore discovery of representative evidence prior to seeking testimony and evidence from all putative class members. Each party reserves its rights on this question.

10

1  The parties are unaware of any other means to expedite or streamline this process at this time.

2  **Q.**    **Scheduling:**

3      The parties propose scheduling an early settlement conference of this matter following

4  initial discovery such as depositions of the Plaintiffs and of a Company representative.  If the

5  settlement conference proves unsuccessful, the parties propose the following schedules:

6  Defendant:

7      1.    Last day to amend pleadings, except to add PAGA claim and file an

8            amended responsive pleading, and/or to join plaintiffs if the class

9            is not certified:                                  June 30, 2008

10     2.    Pre-class certification discovery                February 15, 2009

11     3.    Class certification motion deadline             March 15, 2009

12     4.    Non-expert discovery cut-off                    To be determined

13     5.    Expert disclosure                               To be determined

14     6.    Expert discovery cut-off                        To be determined

15     7.    Dispositive motion deadline                     To be determined

16     8.    Trial                                           To be determined

17  **R.**    **Trial:**

18      Plaintiffs have demanded a jury trial.  The Parties propose setting a trial date after class

19  certification has been determined, as the length of trial will be determined by whether or not the

20  case is to be tried as a class action.

21  **S.**    **Disclosure of Non-party Interested Entities of Persons:**

22      Defendants have filed a Certification of Interested Entities or Persons.  The interested

23  parties include Foresight Management Services, LLC; Meridian Health Services Holdings

24  Corporation, a California corporation; and Jeremy Grimes.

25

26  / / /

27  / / /

28  / / /

11

JOINT CASE MANAGEMENT STATEMENT                    Case No.  CV-08-00938 JL

1    Dated: May 14, 2008                    HARRIS & RUBLE

2

3                                           By: _____

4                                               Alan Harris
                                                David Zelenski
5                                               Attorneys for Plaintiffs
                                                RONNIE JONES and MELECIO ARCIOSA
6

7    Dated: May 14, 2008                    NORTH BAY LAW GROUP

8

9                                           By: _____

10                                              David S. Harris
                                                Attorney for Plaintiffs
11                                              RONNIE JONES and MELECIO ARCIOSA

12   Dated:  May 14, 2008                   JACKSON LEWIS LLP

13

14                                          By: _____

15                                              Robert M. Pattison
                                                Anne V. Leinfelder
16                                              Attorneys for Defendants
                                                FORESIGHT MANAGEMENT SERVICES,
17                                              LLC and JEREMY GRIMES

18   H:\F\Foresight Management Services-Jones (Kauf) (121595)\Jones, Ronnie (121595)\Pleadings\20080514 Joint CMC Statement rev.doc

19

20

21

22

23

24

25

26

27

28

                                            12

1   Dated: May 14, 2008                HARRIS & RUBLE

2

3                                      By:   _____
4                                            Alan Harris
                                             David Zelenski
5                                            Attorneys for Plaintiffs
                                             RONNIE JONES and MELECIO ARCIOSA
6

7   Dated: May 14, 2008                NORTH BAY LAW GROUP

8

9                                      By:   _____
                                             David S. Harris
10                                           Attorney for Plaintiffs
                                             RONNIE JONES and MELECIO ARCIOSA
11

12  Dated:  May 14, 2008               JACKSON LEWIS LLP

13

14                                     By _____
                                             Robert M. Pattison
15                                           Anne V. Leinfelder
                                             Attorneys for Defendants
16                                           FORESIGHT MANAGEMENT SERVICES,
                                             LLC and JEREMY GRIMES
17

18  H:\F\Foresight Management Services-Jones (Kauf) (121595)\Jones, Ronnie (121595)\Pleadings\20080514 Joint CMC Statement rev.doc

19

20

21

22

23

24

25

26

27

28

12

JOINT CASE MANAGEMENT STATEMENT          Case No.  CV-08-00938 JL